FILED
SUPERIOR COURT
OF GUAM

2021 JAN 15 PM 1:32

CLERK OF COURT
BY: _____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JESSE ANDERSON LUJAN AND FRANCIS GILL,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN TEBO and DOES ONE (1) through TEN (10), inclusive.<br><br>Defendants. | CIVIL CASE NO.: CV1219-17<br><br>**DECISION AND ORDER**<br>Re: Plaintiff's Ex Parte Motion to Enlarge Time for Opposing Motion to Dismiss |

## INTRODUCTION

This matter came before the Honorable Judge Anita A. Sukola on January 14, 2021, upon Plaintiffs' Ex Parte Motion to Enlarge Time for Opposing Motion to Dismiss. The Plaintiffs, Jesse Anderson Lujan and Francis Gill ("Plaintiffs") are represented by Curtis C. Van de Veld, Esq. The Defendants, Stephen Tebo and Does One (1) through Ten (10) ("Defendants"), are represented by Joyce C.H. Tang, Esq. Co-Defendant Richard Jotberg, named as Doe One, is represented by Daron Berman, Esq. For the reasons set forth below, having reviewed the moving papers and oral argument of both parties, the Court **GRANTS** Plaintiffs' Ex Parte Motion to Enlarge Time for Opposing Motion to Dismiss.

## BACKGROUND

CV1219-17, Jesse Anderson Lujan, et al v. Stephen Tebo, et al.
Decision and Order (Ex Parte Motion to Enlarge Time).

Page 1 of 5

On February 6, 2020, Defendant Jortberg, acting pro se, signed a proposed Scheduling Order and Discovery Plan and Order. See Pl.'s Ex Parte Mot. to Enlarge Time, Ex. 1 (Jan. 6, 2021). The documents were then signed by Plaintiffs, through counsel, on the same date. *Id.* On July 10, 2020, nearly five (5) months later, Defendants signed the documents, through counsel, and filed the proposed Scheduling Order and Discovery Plan with the Court. *Id.*, Ex. 2. A hearing was held on July 30, 2020, in which Defendants complained of failure to prosecute, and promised to file a motion for dismissal before the next hearing on September 10, 2020. *Id.*, Ex. 3.

On August 13, 2020, Attorney Berman entered his appearance for Defendant Jotberg. At the hearing held on September 10, 2020, both parties recognized an "extremely brief" settlement attempt that was unsuccessful. *Id.*, Ex. 4. Both Plaintiffs were outside of Guam and restricted in movement due to the ongoing Covid-19 Pandemic. *Id.*, Ex. 5. Lujan filed a Motion to Dismiss on November 18, 2020. See Mot. to Dismiss (Nov. 18, 2020). An Opposition Brief from the Plaintiff's was due on December 16, 2020. See CVR 7.1 Form 1 (Nov. 28, 2020). On December 21, 2020, Plaintiff's counsel sent an email requesting Defendant to agree to enlarge the time for filing an Opposition to December 28, 2020. See Pl.'s Ex Parte Mot. to Enlarge Time, Ex. 6 (Jan. 6, 2021). Defendant did not agree to an extension. *Id.*, Ex. 7.

Plaintiffs then filed the instant motion on January 6, 2021, seeking leave of the Court for an enlargement of time to file an Opposition to the Motion to Dismiss. They claim that counsel did not calendar the due date correctly due to a shortage of staff under the threat of the pandemic, and a problem at counsel's office with printing and scanning documents. See *Id.*, Ex. 9, Ex. 10.

At a motion hearing held on January 14, 2021, the Court heard oral arguments on the matter and subsequently took the matter under advisement.

## DISCUSSION

The Local Rules of the Superior Court of Guam provide for situations where a party fails to file a paper in a timely manner. The relevant rule states, in part:

CV1219-17, Jesse Anderson Lujan, et al v. Stephen Tebo, et al.
Decision and Order (Ex Parte Motion to Enlarge Time).

Page 2 of 5

(f) Failure to File Required Papers. Papers not timely filed by a party including any memoranda or other papers required to be filed under this Rule shall not be considered without leave of court.

CVR Rule 7.1(f).

A court may grant a party a longer period to file his moving papers under Guam Rules of Civil Procedure, Rule 6(b), which states, in part:

(b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

GRCP 6(b).

The Guam Supreme Court has clarified that "[t]his portion of the rule thus requires (1) a motion and (2) a showing that the failure to act was the result of excusable neglect." *Government of Guam v. O'Keefe on behalf of Heirs of Torres Estate*, 2018 Guam 4 ¶ 23. Further, "[a]s Guam Rules of Civil Procedure are generally derived from, although not identical to, the Federal Rules of Civil Procedure, federal decisions that construe the federal counterparts to the Guam Rules of Civil Procedure are persuasive authority." *Id.* ¶ 9 (*citing People v. Quitugua*, 2009 Guam 10 ¶ 10).

Accordingly, "any extension of a time limitation must be 'for cause shown.'" *Lujan v. National Wildlife Federation*, 497 U.S. 871, 896 (1990). The phrase "excusable neglect" is an elastic concept, and the drafters of Federal Rules of Civil Procedure "did not indicate they intended anything other than the commonly accepted meaning of the phrase . . ." *Kettle Range Conservation Group v. U.S. Forest Service*, 8 Fed.Appx. 729, 731 (9th

CV1219-17, Jesse Anderson Lujan, et al v. Stephen Tebo, et al.
Decision and Order (Ex Parte Motion to Enlarge Time).

Page 3 of 5

Cir. 2001). Ultimately, "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.*

Thus, the Court "must consider all the circumstances in deciding whether to excuse a party's neglect, notably 'the danger of prejudice to the [nonmovant], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 732 (*quoting Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 391 (1993)).

Here, it is undisputed that Plaintiffs filed a motion requesting to enlarge time after the deadline for a responsive motion was due. Thus, the key question becomes whether an extension should be granted due to excusable neglect. First, Defendants have not shown prejudice, only claiming the delay has prejudiced them, and none appears to the Court. See *Bateman v. U.S. Postal Service,* 231 F.3d 1220 (9th Cir. 2000) ("the mere possibility of prejudice from delay, which is inherent in every case, is insufficient . . .") (*quoting Hiberia Nat'l Bank v. Administracion Cent. Sociedad Anonima,* 776 F.2d 1277, 1280 (5th Cir. 1985)). Finally, the motion at issue is a Motion to Dismiss would could effectively end the case and losing that unopposed opportunity is not prejudicial. See *Ahanchian v. Xenon Pictures, Inc.,* 624 F.2d 1253, 1262 (9th Cir. 2010) ("At most, [nonmovant] would have won a quick but unmerited victory, the loss of which we do not consider prejudicial").

Next the length of the delay caused by the motion to enlarge time has been relatively minor. The Opposition Brief was due on December 16, 2020, and Plaintiffs filed their Ex Parte Motion on January 6, 2020, and have requested a ten day extension. This is typically not a delay significant enough to justify relief. See *Bateman,* at 1225 (*finding* a month-long delay not enough to justify denying relief). However, the Court does note the repeated delays caused by Plaintiff and their counsel, and the length of time passed since the original trial was scheduled.

Next, the reason for the delay is weak and was within control of Plaintiffs' counsel. He claims scheduling errors due to staff working from home, and a problem with the office printer and scanner. However, "while a calendaring mistake caused by failure to apply a clear local rule may be a weak justification for attorney's delay, we have previously found the identical mistake to be excusable neglect." *Ahanchian*, at 1262.

Finally, while the Plaintiffs their attorney have certainly been neglectful, the court can find no evidence of bad faith, and the Defendants have not alleged that any bad faith existed in failing to file the opposition paper in a timely manner. Thus, on the balance of factors, the Court must grant Plaintiffs' Motion to Enlarge Time.

## Conclusion

Based on the foregoing, Plaintiffs' Ex Parte Motion to Enlarge Time to for Opposing Motion to Dismiss is **GRANTED**. Plaintiffs shall have until January 22, 2021 to file their Opposition, and Defendants shall have until January 29, 2021 to file a Response. The hearing for the Motion to Dismiss shall occur on February 4, 2021 at One (1:00) PM via Zoom.

**SO ORDERED** this ___01|15|2021___.

_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_VANDEVELD, gv.llc_
_____
Date: _____ Time: ____
_____
Deputy Clerk, Superior Court of Guam

CV1219-17, Jesse Anderson Lujan, et al v. Stephen Tebo, et al.
Decision and Order (Ex Parte Motion to Enlarge Time).

Page **5** of 5